IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: GREGORY P. CORTELLESSA : | Chapter 13 | |
| Debtor : | | |
| : | Bankruptcy Case No. 05-24258 REF | |
| : | | |

| | | |
|---|---|---|
| GREGORY P. CORTELLESSA, : | | |
| Plaintiff : | Adversary No. 06-2082 REF | |
| : | | |
| v. : | | |
| : | | |
| LEE CORTELLESSA, : | | |
| Defendant : | | |

## ORDER

AND NOW, this 9th day of June, 2006, upon my consideration of Wife's Motion for Summary Judgment (all capitalized terms in this Order shall have the meaning attributed to them in the accompanying Memorandum Opinion), the parties' agreement that no disputed material facts exist, my independent finding that no disputed material facts exist, the parties' agreement to submit this matter to the Court in the present procedural status (i.e., Wife has filed no answer to the complaint), as well as the entire file in the above-captioned matter:

IT IS HEREBY ORDERED that the Wife's Motion for Summary Judgment is denied in part (insofar as I rule that the September 27 Order did not permit Wife to initiate and prosecute the Special Relief Petition in state court) and is granted in part (insofar as I rule that Wife and her counsel are not subject to the imposition of sanctions).

IT IS FURTHER ORDERED, based upon the foregoing Memorandum Opinion, that the domestic relations litigation proceeding in the Berks County Court of Common Pleas, as

it relates to Wife's efforts through the Special Relief Petition to impose a constructive trust upon and divest liens on the Former Marital Residence, now in the sole name of Husband, is prohibited by the automatic stay of Section 362(a)(3), 11 U.S.C. Section 362(a)(3), which was not modified by the September 27 Order, which allowed the state court domestic litigation to go forward.

IT IS FURTHER ORDERED, based upon the foregoing Memorandum Opinion that the request for sanctions by Husband against Wife is denied and dismissed.

IT IS FURTHER ORDERED that this adversary proceeding be closed upon the entry of this Order.

BY THE COURT

Richard E. Fehling
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: GREGORY P. CORTELLESSA   :   Chapter 13
                Debtor   :
                               :   Bankruptcy Case No. 05-24258 REF

                               :

GREGORY P. CORTELLESSA,   :
                Plaintiff   :   Adversary No. 06-2082 REF
       v.   :
                               :
LEE CORTELLESSA,   :
                Defendant   :

<u>MEMORANDUM OPINION INTERPRETING THE SEPTEMBER 27, 2005, ORDER OF
THIS COURT GRANTING RELIEF FROM THE AUTOMATIC STAY OF SECTION 362</u>

<u>I. Background and Facts</u>

This matter involves the interface of Pennsylvania state domestic relations law with the federal bankruptcy laws. Plaintiff is Gregory P. Cortellessa ("Husband") and defendant is Lee Cortellessa ("Wife"), who initiated divorce proceedings against Husband on March 21, 2002. Husband and Wife jointly transferred their interest in the marital residence at 15 Wyndam Hill Drive, Reading, Berks County, Pennsylvania (the "Former Marital Residence") to Husband in fee simple by deed dated May 23, 2003 (the "Deed").[1] In exchange, Husband paid $15,000 to Wife and obtained a release of Wife's liability for two debt obligations totaling nearly $300,000.

---

[1] The Deed is Stipulated Exhibit No. 5. The Stipulated Exhibits are Document Number 20 on the docket of this adversary proceeding. The Stipulated Exhibits and all documents on the dockets of both the main case and this adversary proceeding are available to me by my taking judicial notice of the documents on the docket of a case pending before me. See <u>In re Scholl</u>, No. 97-32805DWS, p. 2, n. 1 (Bankr. E.D. Pa. Aug.26, 1998), in which Chief Judge Sigmund took judicial notice of the contents of documents on the docket, citing <u>Nantucket Investors II v. California Federal Bank</u> (<u>In re Indian Palms Assoc., Ltd.</u>), 61 F.3d 197, 205 (3d Cir. 1995).

1

Husband filed his petition for bankruptcy under Chapter 13 of the United States Bankruptcy Code, Title 11 of the United States Code, on July 21, 2005. On August 11, 2005, Wife moved this Court for relief from the automatic stay (the "Stay Relief Motion") to allow her to proceed with her equitable distribution litigation against Husband in the Berks County, Pennsylvania Court of Common Pleas.[2] Specifically, Paragraph 9 of the Stay Relief Motion avers: "The parties are prepared to proceed with equitable distribution and have scheduled a hearing before the Divorce Master on October 12 and 19, 2005." The prayer for relief in the Stay Relief Motion prays for an order granting relief from the stay "to proceed with divorce, custody and support litigation" in the Berks County Court, without reference to specific sub-sections of Section 362(a).

At the hearing on the Stay Relief Motion on September 27, 2005, a brief colloquy (the "Colloquy") occurred among counsel for Husband, counsel for Wife, and Honorable Thomas M. Twardowski (my predecessor in this Reading Division of the Bankruptcy Court).[3] Following the Colloquy, Judge Twardowski signed an order with which the parties ultimately agreed (the "September 27 Order").[4] The operative language of the September 27 Order follows:

> IT IS HEREBY ORDERED that Movant's Petition is GRANTED and Movant, Lee Cortellessa, is granted relief from the Stay so that Lee Cortellessa and Debtor may proceed with their domestic litigation in the Court of Common Pleas, Berks County,

---

[2]Wife's Motion for Relief from the Automatic Stay (the "Stay Relief Motion") is Document Number 11 on the docket of Husband's Chapter 13 case.

[3]The transcript of the Colloquy (the "Colloquy Transcript") among counsel and Judge Twardowski is Document Number 50 on the docket of Husband's Chapter 13 bankruptcy case.

[4]The September 27 Order is Document Number 24 on the docket of Husband's Chapter 13 bankruptcy case.

2

    Pennsylvania in the following matters and docket numbers:
      Divorce - Docket No. 02-3192
      Custody - Docket No. 02-12085
      Support - Docket No. 02-081000, PACSES No. 140104330.

Three and a half months into the resumed state court proceeding (on January 10, 2006), Wife filed her Amended and Fully Restated Petition for Special Relief (the "Special Relief Petition")[5], through which Wife sought to impose a constructive trust on the Former Marital Residence, now titled solely in Husband's name and property of Husband's Chapter 13 estate, and to divest certain mortgage and judgment liens that encumber the Former Marital Residence. Husband returned to this Court[6] with his complaint in this adversary proceeding, filed on February 15, 2006, seeking a determination that Wife had violated the automatic stay by initiating the constructive trust action. Husband filed an amended complaint on March 10, 2006. Husband claims that the Special Relief Petition is entirely outside the scope of the relief granted by the September 27 Order. Husband had also asserted the same argument in the state court action and Honorable Scott E. Lash ordered, on February 28, 2006, that this Court should determine the scope and limits of the September 27 Order.[7] Of particular importance is the following excerpt from Judge Lash's order:

> [I]t further appearing to this Court that interpretation of the automatic stay is within the sole purview of the United States Bankruptcy Court, it is hereby ORDERED that disposition of the Petition of Plaintiff, Lee C. Cortellessa, for Special Relief is deferred, pending a determination by

---

[5]The Special Relief Petition is Stipulated Exhibit No. 11.

[6]Judge Twardowski had expressly refused to relinquish jurisdiction to allow the parties to "argue positions in the future." Colloquy Transcript, page 8, lines 8 - 16.

[7]Judge Lash's February 28, 2006, Order deferring to this Court further consideration of the September 27 Order is Stipulated Exhibit No. 13.

>the United States Bankruptcy Court on whether the issues raised in the Petition for Special Relief are encompassed by the relief from the automatic stay entered on September 27, 2005, or if not, whether the Bankruptcy Court would extend the scope of the stay to allow this Court to enter a disposition on the Petition for Special Relief.

I appreciate Judge Lash's deferring to this Court's interpretation of the Section 362 automatic stay and the September 27 Order of this Court (although not of the undersigned) relating to Section 362. Just as this Court had and has the legal power and jurisdiction to determine matters of peculiarly state law, such as equitable distribution under Pennsylvania's Divorce Code, 23 Pa. C.S. §§ 3101 et seq.,[8] so the state court has the power and concurrent jurisdiction to determine certain matters arising specifically under the Bankruptcy Code, such as the automatic stay of Section 362. In re Steward, 338 B.R. 654, 658 (Bankr. D.N.J. 2006) (citing In re Singleton, 230 B.R. 533, 538-39 (6th Cir. B.A.P. 1999)). Furthermore, state courts have the power to interpret both Section 362 and bankruptcy court orders interpreting it. Graziani v. Randolph, 887 A.2d 1244, 1249 (Pa. Super. 2005); Commonwealth, DER, v. Ingram, 658 A.2d 435, 437-38 (Pa. Commw. Ct. 1995). As stated above, bankruptcy courts have the power to interpret state domestic relations law, particularly in matters of property distribution. In re Wilson, 85 B.R. 722, 727-28 (Bankr. E.D. Pa. 1988). But, as Judge Twardowski deferred to the state court's expertise in the realm of equitable distribution litigation by granting relief from the automatic stay to allow the parties to proceed in state court, so too did Judge Lash defer ruling on the relief from automatic stay issue arising under Section 362 of the Bankruptcy Code, referring the parties to this Court.

On March 10, 2006, Husband requested that I expedite this adversary proceeding and I

---

[8]The statutory basis for equitable distribution is found at 23 Pa. C.S. §§ 3501, et seq.

ordered a hearing to be set for April 4, 2006. Prior to April 4, Wife filed her Amended Motion To Dismiss/Withdraw Document and for Summary Judgment,[9] to which Husband responded.[10] At the April 4, 2006, hearing and argument,[11] I considered the parties' agreement that they would submit a stipulated set of evidentiary exhibits for my consideration. Neither party felt the need to offer live testimony at the hearing, agreeing that the exhibits would accurately set forth all necessary information for me to make my determination.[12] On April 4, the parties presented extensive oral argument, answering and addressing many questions that I raised. Both parties filed their briefs on April 28, 2006. I regard this matter as now before me on Wife's motion for summary judgment, acknowledging counsels' statements that no disputed material facts face me as well as finding independently that no disputed material facts exist.[13] This matter is now ripe

---

[9]Wife's Amended Motion To Dismiss/Withdraw Document and for Summary Judgment, filed March 27, 2006, is Document Number 11 on the docket of Husband's Chapter 13 bankruptcy case.

[10]Husband's Response to Amended Motion To Dismiss and for Summary Judgment, filed March 31, 2006, is Document Number 12 on the docket of Husband's Chapter 13 bankruptcy case.

[11]The transcript of the argument (the "Argument Transcript") among counsel and this Court is Document Number 23 on the docket of this adversary proceeding.

[12]Additional documents have been included in the Stipulated Exhibits, through my order of May 17, 2006 (Document 24 on the docket of this adversary proceeding), and through the filing of an additional exhibit on May 23, 2006 (Document 27 on the docket of this adversary proceeding).

[13]By bench order on April 4, 2006, I denied Wife's motion to dismiss for failure to state a claim for which relief might be granted because the record is clear that Husband's action is based upon Wife's alleged violation of the Section 362 automatic stay and therefore certainly states a claim for which relief might be granted. Argument Transcript, page 29, lines 21 - 24.
    Wife also argued that, because the parties raised the issue of the interpretation of Section 362 and the September 27 Order before the state court (which has not ruled on the issue), the doctrine of issue preclusion (formerly know as collateral estoppel) bars me from hearing this

for my determination.

## II. SUMMARY

Based upon the discussion below, I have determined that Wife's proceeding to impose a constructive trust and avoid the liens on the Former Marital Residence was not included in the relief from the automatic stay granted by Judge Twardowski in his September 27 Order and it was inappropriately initiated and prosecuted in the state court. Despite that finding, however, I will deny Husband's request for sanctions because Wife's counsel reasonably believed that she had been granted permission to pursue the relief that she was seeking in state court.

## III. DISCUSSION

### A. Extent of the Relief Granted by the September 27 Order.

I do not believe that the September 27 Order granted relief from the automatic stay of Section 362 to permit Wife to initiate and prosecute the constructive trust relief and avoidance of liens sought in the Special Relief Petition as part of the equitable distribution proceeding in the Berks County Court.

Husband argues that the Stay Relief Motion, the Colloquy, and the September 27 Order are based on Section 362(a)(1), which prohibits continuation of judicial proceedings to establish or recover a claim, 11 U.S.C. § 362(a)(1), but that nothing permitted any acts to obtain or

---

(cont'd)
matter. I rejected this argument on April 4, 2006, see Argument Transcript, page 30, lines 8 - 14, and I reject it here. Wife is incorrect for two reasons. First, Judge Lash specifically declined to rule on Section 362 and the September 27 Order, referring them to me for consideration. See p. 3 and fn. 7, above. Second, Judge Lash never ruled on the stay relief issue and the cases are quite clear that one of the requisite elements of an effective issue preclusion argument is a showing of an actual adjudication of the issue claimed to be precluded. See Raytech Corp. v. White, 54 F.3d 187, 190 (3d Cir. 1995); Rashid v. United States (In re Rashid), No. Civ. A. 01-CV-2197, 2002 WL 15939, at *3 (E.D. Pa. Jan. 8, 2002).

exercise control over property of the estate, which is stayed by Section 362(a)(3), 11 U.S.C. § 362(a)(3). Husband argues therefore that Wife's initiation and prosecution of the Special Relief Petition violates Section 362(a)(3), because it constitutes an action against the Former Marital Residence, which is now clearly property of Husband's Chapter 13 estate. I reject Husband's argument insofar as it purports to point to any express distinction in the record between the two sub-sections of Section 362(a). My review of the Stay Relief Motion and the Colloquy failed to find any express reference limiting the scope of the September 27 Order to Section 362(a)(1). No differentiation between particular sub-sections of Section 362(a) is found in the record.

Although no express differentiation between sub-sections of Section 362(a) existed in either the Stay Relief Motion, the Colloquy, or the September 27 Order, I believe that such differentiation impliedly existed. In the Colloquy, Wife's counsel referred to Wife's need to return to state court as "not a complex case" and his comments to the Court in the Colloquy centered exclusively on Wife's need to proceed with "very few issues involved in the equitable distribution matter." Colloquy Transcript, page 4, lines 4 - 6. Judge Twardowski noted that the matter should be sent back "to state court for the equitable distribution issues to be resolved." Colloquy Transcript, page 5, lines 16 & 17. Wife's counsel declared their intent to proceed "with matters that are ripe to do so in state court." Colloquy Transcript, page 5, lines19 & 20. As mentioned above, Paragraph 9 of Wife's Stay Relief Motion clearly anticipates that the entire equitable distribution litigation would be completed before the Divorce Master by mid-October 2005. Wife's counsel made no reference to any other litigation that was or might be necessary and nothing was said about any need to initiate and prosecute constructive trust or avoidance of liens litigation against property of the Chapter 13 estate.

These cited comments and the entire Colloquy appear to limit the scope of the anticipated domestic litigation to a garden-variety determination of equitable distribution. Clearly, at least to my reading, the Special Relief Petition was not ripe for determination in the Berks County Court because the idea of the constructive trust and lien avoidance litigation had apparently not yet occurred to Wife's counsel.

If straying beyond standard equitable distribution was, however, within the contemplation of either counsel, they disguised it completely, making no reference to it whatsoever. If it was within the contemplation of Judge Twardowski, it was not memorialized in any way in his September 27 Order or his comments in the Colloquy. The discussion was exclusively related to determining the amount of Wife's claim against Husband in the nature of straight-forward equitable distribution and did not get into any description of carving up assets or avoiding liens to provide for payment to Wife. But in his argument on April 4, counsel for Wife acknowledged that the Special Relief Petition is primarily intended for collection efforts rather than for determining equitable distribution. Argument Transcript, page 48, line 23, through page 50, line 12. Therefore, I regard the extraordinary relief sought through the Special Relief Petition as being wholly outside the contemplation of the parties to the Colloquy on September 27, 2005, and therefore outside the permission granted in the September 27 Order. Judge Twardowski anticipated that the parties might return to him in the future to address "issues of ultimate allowance of claims, [and] ultimate distribution schemes under the Bankruptcy Code . . .." Colloquy Transcript, page 3, lines 24 & 25.

I conclude, although Section 362(a)(3) is not expressly identified in either the Stay Relief Motion, the Colloquy, or the September 27 Order, that the Special Relief Petition was initiated

8

contrary to the restrictions and prohibitions of Section 362(a)(3) of the Bankruptcy Code and is not authorized by the September 27 Order.

My determination that the Special Relief Petition was beyond the contemplation of the parties on September 27, 2005, and was not addressed by the September 27 Order, begs the question, of course, of what now to do with the Special Relief Petition. Do I somehow keep it before me for determination of the disposition of what is clearly property of the Chapter 13 estate or allow the parties to pursue the litigation in state court?[14] This appears to be the true lynchpin of this dispute, raising a difficult intersection of the two bodies of law - Pennsylvania domestic relations law and federal bankruptcy law - with no specific precedent that might provide me with guidance.[15] Nevertheless, judicial restraint dictates that I limit my analysis and decision to the two narrow issues expressly presented by the parties in their pleadings before me, which issues are limited to (1) a determination whether the September 27 Order did or did not permit Wife to proceed with the Special Relief Petition and (2) a request for a damages award in the event that the September 27 Order did not grant such permission. I have described my conclusion on the first issue above and will now look to the second issue.

---

[14]In his February 28 order, found at page 3, above, Judge Lash suggested that I might consider extending the scope of the relief from the automatic stay to allow him to address the Special Relief Petition, but neither party has requested that I do so.

[15]I do not believe that any of the decisions referred to me by either counsel address staying or permitting domestic relations law litigation of the nature faced in this matter, to wit, an apparently ancillary petition seeking a constructive trust and avoidance of liens, dealing directly (and adversely) with the interests of a debtor and secured creditors in property of a Chapter 13 estate. The cases of Scholl v. Scholl, 234 B.R. 636 (Bankr. E.D. Pa. 1999), and Fidelity Bank v. Carrol, 652 A.2d 296 (Pa. 1994), relied upon heavily by Wife, are inapposite. The decision that provides more guidance for me is In re Wilson, supra, 85 B.R. 722 (Bankr. E.D. Pa. 1988), discussed briefly above.

B. <u>Neither Wife Nor Wife's Counsel Should Be Sanctioned for Proceeding with the Special Relief Petition Without Specific Relief from the Automatic Stay To Do So.</u>

Finding as I do that the September 27 Order did not grant Wife relief from the automatic stay of Section 362 to initiate and prosecute the Special Relief Petition, I turn next to Husband's well-pleaded demand for actual and punitive damages. Paragraph 16 of the Amended Complaint[16] explains in sufficient detail the nature of the actual damages and losses that Husband has experienced through Wife's presentation and prosecution of the Special Relief Petition. He has alleged the following damages: (1.) Attorneys' fees and costs; (2.) time (and therefore money) lost from his business as a dentist; (3.) the attorneys' fees and costs incurred by his lenders, who have been forced to put substantial time and effort into the defense of the liens securing their loans; and (4.) punitive damages for Wife's purported willful conduct.[17]

Section 362(k) provides the statutory support for Husband's request for damages as follows:

> Except as provided in paragraph (2) [an exception not applicable here], an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. §362(k)(1). Such damages may be awarded solely upon the "willful violation" of Section 362. I do not believe that a "willful violation" of the stay arises by pursuing litigation when the offending party believes that the Section 362 automatic stay has been modified specifically to permit the litigation. The Third Circuit Court of Appeals accepted a definition of

---

[16] Document Number 4 on the docket of the adversary proceeding.

[17] If I were to rule for the Husband on the issue of damages, I would be obliged to conduct a factual hearing on the specifics of the damages sought by Husband, but his pleading identifies the nature of the damages sufficiently for the purpose of this Memorandum Opinion.

"willful violation" established by the Ninth Circuit Court, which definition requires only that the offending party knew of the automatic stay and intended to do what it did by acting intentionally. Cuffee v. Atlantic Bus. and Cmty. Dev. Corp. (In re Atlantic Bus. and Cmty. Dev. Corp.), 901 F.2d 325, 329 (3d Cir. 1990) citing Goichman v. Bloom (In re Bloom), 875 F.2d 224, 227 (9th Cir. 1989). The Court in Cuffee further accepted the Bloom position that the offending party's good faith is not relevant. The Cuffee Court then went on to examine, and seemingly accept, certain bankruptcy courts' construction of "willful violation" as an intentional or deliberate act done with knowledge that the act is in violation of the stay. Id. The latter definition of "willful violation" was adopted very recently in this District from the Cuffee decision in In re Jester, No. 05-32185DWS, 2006 WL 1495041, at *5 (Bankr. E.D. Pa. April 12, 2006). Under either of these definitions, I believe that Wife's actions were undertaken with a legitimate belief that no automatic stay existed to prevent the Special Relief Petition. Wife reasonably thought that the stay did not exist because, she believed, it had been modified specifically to allow all domestic litigation of whatever nature.

Another line of decisions defining "willful violation" in the context of Section 362(k) is similar. If the offending party has "persuasive legal authority" to support the actions, no damages will be awarded for violating the automatic stay of Section 362. University Medical Center v. Sullivan (In re University Medical Center), 973 F.2d 1065, 1088 (3d Cir. 1992); Montgomery Ward, LLC v. Wiseknit Factory, Ltd. (In re Montgomery Ward, LLC), 292 B.R. 49, 57 (Bankr. D. Del. 2003). I believe that Wife's persuasive legal authority in this matter was the text of the September 27 Order, which, on its face, supported the initiation and prosecution of the Special Relief Petition.

The absence of any reference to sub-sections (a)(1) or (a)(3) of Section 362 in the September 27 Order and the Colloquy could reasonably be construed to permit any and all litigation in the state court in any way related to the pending domestic relation cases. The September 27 Order expressly permitted Wife to proceed with her "domestic litigation," which could be (and apparently was) construed by Wife and her counsel to permit the Special Relief Petition as part and parcel of the pending equitable distribution litigation. I find, therefore, that Wife and Wife's counsel had persuasive authority to support their position that initiation and prosecution of the Special Relief Petition was permitted under the September 27 Order. Neither Wife nor Wife's counsel has willfully violated the automatic stay of Section 362 through the Special Relief Petition and I will deny and dismiss Husband's demands for damages under Section 362(k) to be awarded to him.

An appropriate Order will follow granting Husband's prayer for a limiting interpretation of the September 27 Order, but denying Husband's request for an award of damages.